UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**LARRY ARNOLD YOUNG,**

      **Plaintiff,**

                                                              **Civil Action No. 1:20-cv-00820**

**v.**

**WANDA CAROL DONAHUE, and**
**GLENDA DARLENE LAWSON,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs filed on December 14, 2020. (ECF No. 1) By Administrative Order entered on December 14, 2020, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined Plaintiff's Complaint (ECF No. 2) and Exhibit(s) in support of same (ECF No. 2-1), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

On December 14, 2020, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint; subsequently on December 15, 2020, he filed a

---

[1] The undersigned notes that a prior civil action filed by this Plaintiff in this Court, case number 1:17-cv-3633, is unrelated to Plaintiff's claims in the action *sub judice*, accordingly, the undersigned had no conflict of interest in proceeding with this proposed findings and recommendation.

"Request for Accounting" and a "Request for Restoration".[2] (ECF Nos. 1, 2, 4, 5) In his Complaint, Plaintiff names Wanda Carol Donahue and Glenda Darlene Lawson as Defendants. Plaintiff alleges that these Defendants "failed or refused" to comply with the terms of a trust estate established by Edna G. Young, who was Plaintiff's mother. (ECF No. 2) Plaintiff alleges that when his mother died on August 1, 2008, her last will and testament set up a trust for Plaintiff, consisting of: several acres of real property and its incomes (mobile home park) situated in Mercer County, West Virginia; several certificates of deposit; funds generated from sales of heavy equipment that Plaintiff owned; and a life insurance policy. Plaintiff states that this trust was to be managed by Defendants for Plaintiff's benefit pending his release from federal custody on January 11, 2012. Plaintiff alleges that on or about July 9, 2008 through August 26, 2010 Defendants breached their fiduciary duties to him as well as fraudulently breached the terms of the trust by withholding the assets intended for the trust for their own benefit; Plaintiff alleges that Defendants failed to establish the trust as instructed by Edna G. Young's will on or about April 23, 2009. Plaintiff also alleges that Defendant Lawson transferred two 1974 International tandem axle dump trucks into her name for which Plaintiff had paid $36,500. Plaintiff further alleges that he was arrested in July 2016 on false accusations and spent about two years in jail pending trial – had Defendants maintained Plaintiff's trust, he could have bonded out with the monies therein. Plaintiff also asserts that during his arrest and arraignment on the false charges, two sheriff's deputies injured him, causing him mental anguish and that he has suffered excruciating pain ever since. Plaintiff indicates that Defendants refused to provide Plaintiff with an accounting of the trust account during

---

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a proceeding that took place before the Honorable Judge Swope on August 21, 2020.[3]

As relief, Plaintiff requests an award for damages, including: $82,000 for the real property or an order requiring Defendants to sign over the deed to this property to Plaintiff "free and clear"; $25,000 for the life insurance policy; $35,000 for the heavy equipment; order Defendant Lawson to have First Community Bank replace the $50,000 certificates of deposit or $50,000 as the replacement value; $32,000 for the dump trucks; and $30,000 for mental anguish and pain. Plaintiff also asks this Court to order Defendants to provide an accounting of Plaintiff's trust with documentation for each asset listed and not listed in the appraisement of Edna G. Young's estate.

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim

---

[3] Plaintiff attaches an Exhibit (ECF No. 2-1) in support of his Complaint consisting of: an aerial view of Plaintiff's mobile home park in Mercer County, West Virginia; an affidavit of David Hurt "made for Legal purposes" on Plaintiff's behalf in case number 19-C-3309-DS concerning the mobile home park; two affidavits of Plaintiff concerning the purchase of real property; an affidavit of Larry Hubbard concerning Plaintiff's purchase of real property; a copy of a deed between Walter C. Young and Edna G. Young and Mountaineer Trail Club; a purchase receipt from the Mercer County Clerk indicating Plaintiff paid for copies; a letter dated February 7, 2012 from Combined Insurance indicating a life insurance policy lapsed on July 9, 2011 and Plaintiff as the insured; the last will and testament of Walter G. Young submitted for probate by Edna G. Young on September 7, 1989; a medical examiner's certificate of death for Walter G. Young; the last will and testament of Edna G. Young; an appraisement of Edna G. Young's estate filed with the Mercer County Commission; copy of a death benefit check payable to Defendants as co-executrices of the estate of Edna G. Young; two certificates of title concerning two 1974 International trucks; a copy of docket entries concerning a criminal proceeding against Plaintiff in Mercer County Magistrate Court; a copy of the docket entries concerning a criminal proceeding against Plaintiff in Mercer County Circuit Court.

lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[4], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the

---

[4] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

"courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

**1. Lack of Subject Matter Jurisdiction:**

As noted *supra*, Plaintiff names two individuals who appear to be his sisters and appointed by their mother as co-executrices of her last will and testament as well as co-trustees of the trust intended for Plaintiff's benefit, but who allegedly violated their fiduciary duties to him.

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).

As an initial matter, there simply is no evidence that the claims raised in Plaintiff's Complaint fulfill the requirements for federal question under Section 1331.

There is simply no evidence that Plaintiff's claims fulfill the requirements for diversity jurisdiction: Plaintiff explicitly alleges that Defendants reside in West Virginia, as does he. (ECF No. 2 at 1-2) Section 1332 requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (S.D.W. Va. 1983). Accordingly, this Court cannot exercise diversity jurisdiction over this matter.

Additionally, Plaintiff's claims against the Defendants also sounds in a breach of contract. Under West Virginia law, the undersigned finds that District Court should decline to exercise supplemental jurisdiction over such a claim. The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725,

86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (citation omitted). It is apparent from the Complaint that the criteria for original jurisdiction pursuant to 28 U.S.C. § 1332 is absent in this case, given the lack of diversity of the parties, the amount in controversy notwithstanding. Accordingly, the District Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims because Plaintiff has failed to state any other claim for which relief can granted over which the District Court has original jurisdiction.

2.      **Application of Younger-Abstention Doctrine:**

While it is not immediately apparent that the case *sub judice* involves the same events or offenses complained of in the prior civil action Plaintiff filed in the Mercer County Circuit Court, Plaintiff has requested that this Court to order Defendants to provide an accounting of the trust estate, and has alleged that Defendants refused to provide an accounting "as evidenced by the Honorable Judge Swope and informed me on 8/21/2020 when I asked for a final accounting of my Trust Account" (See ECF No. 2 at 4-5). Plaintiff also indicated, though failed to attach, a transcript dated August 21, 2020 concerning a motion for accounting (Id. at 5). Plaintiff also filed an affidavit concerning a state court civil action number, 19-C-3309-DS as an Exhibit herein. (See ECF No. 2-1 at 2) It would appear that the events complained of herein concern the same matters involved in the state proceeding, although Plaintiff does not indicate whether the state proceedings have concluded.

Nevertheless, to the extent that Plaintiff's claims concern these Defendants are the same claims he raised in the State court action, and to the extent those matters remain pending, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-

abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the Younger abstention doctrine may apply in the instant case, given there is no indication the Mercer County Circuit Court has concluded. Indeed, Plaintiff has alleged that the presiding judge therein had fairly recently, in August 2020, presided over some proceeding concerning Plaintiff's request for an accounting of his trust assets. Further, Plaintiff provides no grounds that support any of the enumerated Nivens exceptions to the Younger mandate.

8

Accordingly, for the reasons stated *supra*, the undersigned respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs be denied and that his Complaint be dismissed with prejudice given there is no evidence that this Court may exercise jurisdiction over the matters raised herein.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District

Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

ENTERED: January 21, 2021.

Omar J. Aboulhosn
United States Magistrate Judge