IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY ARNOLD YOUNG,

    Plaintiff,

v.                                            CIVIL ACTION NO. 1:20-00820

WANDA CAROL DONAHUE, and
GLENDA DARLENE LAWSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on January 21, 2021, in which he recommended that the court deny plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1), dismiss plaintiff's complaint (ECF No. 2), and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review

by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Furthermore, de novo review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly."  Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48).  However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

On February 4, 2021, plaintiff filed a Deadline Extension Request (ECF No. 8), in which he asked the court for an additional thirty days to file his objections to the PF&R.  The court granted plaintiff's request, providing him until March 16, 2021 to file his objections.  (ECF No. 9.)  To date, however, plaintiff has not filed any objections.[1]

---

[1] On April 5, 2021, plaintiff filed a Motion to Stay Proceedings (ECF No. 10) until the conclusion of proceedings in state court. As the PF&R rightly concludes, this court lacks subject matter jurisdiction over this case.  Because the court adopts this conclusion, it **DENIES** plaintiff's motion to stay as moot.

Accordingly, de novo review is unnecessary here, and the court adopts the PF&R as follows:[2]

1. Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1) is **DENIED**; and

2. Plaintiff's complaint (ECF No. 2) is **DISMISSED**.

The Clerk is directed to remove this case from the court's active docket.  The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 3rd day of November, 2021.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] The court adopts the PF&R and dismisses the case on the grounds that this court lacks subject matter jurisdiction, not on abstention grounds.

4